People v White (2025 NY Slip Op 02727)

People v White

2025 NY Slip Op 02727

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Ind. No. 3407/19 1678/20|Appeal No. 4297|Case No. 2022-01174|

[*1]The People of the State of New York, Respondent,
v
Anthony White, Defendant-Appellant.

White + Case LLP, New York and Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rina Victoria DeFrancesco of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Althea Drysdale, J.), rendered February 25, 2022, as amended March 2, 2022, convicting defendant, after a jury trial, of seven counts of burglary in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2½ years to 5 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the jury's credibility determinations. The record supports the conclusion that defendant knew that he was prohibited from entering any Walgreens or Duane Reade store as the result of a trespass notice that was communicated to him after a previous shoplifting incident. Although defendant did not sign the trespass notice, a store manager and the arresting officer testified that they each explained the trespass notice to defendant, and the latter read it to him (see e.g. People v Goodson, 202 AD3d 487, 487 [1st Dept 2022], lv denied 38 NY3d 1008 [2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025